**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                          No. 96-4633

CHRISTOPHER DICKERSON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                          No. 96-4697

CHRISTOPHER DICKERSON,
Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-96-215)

Argued: April 10, 1997

Decided: May 28, 1997

Before WILKINSON, Chief Judge, and
HAMILTON and MOTZ, Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by published opin-
ion. Judge Motz wrote the opinion, in which Chief Judge Wilkinson
and Judge Hamilton joined.

_____

**COUNSEL**

**ARGUED:** Joseph N. Bowman, Alexandria, Virginia, for Appellant. James David Villa, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Timothy J. Shea, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

Christopher Dickerson appeals, asserting that the Government presented insufficient evidence to convict him of perjury. On cross-appeal, the Government maintains that the district court erred in refusing to sentence Dickerson as an accessory after the fact and in reducing his offense level for acceptance of responsibility. We affirm Dickerson's convictions, but vacate his sentence and remand for resentencing.

I.

In June 1995, the Government called Dickerson, a prisoner at Lorton Reformatory, a maximum security prison in Fairfax County, Virginia, to testify before a grand jury investigating the assault of Lorton prisoner Edward Sparks. The prosecutor asked Dickerson what he remembered of the November 1994 assault on Sparks. Dickerson responded that he only remembered seeing Sparks "laying on the ground," and did not know "how" or "why" Sparks was assaulted. Based largely on physical evidence, the grand jury indicted another Lorton prisoner, Jeffrey Jenkins, for assault with intent to murder Sparks and assault resulting in serious bodily injury to Sparks.

At Jenkins's criminal trial for assaulting Sparks, Dickerson testified for the defense. Dickerson stated that he saw Sparks grab Jenkins and then saw Jenkins beat up Sparks. Following Dickerson's testimony, the jury convicted Jenkins of assault resulting in serious bodily

2

injury to Sparks, but acquitted Jenkins of the more serious offense of assault with intent to murder.

Subsequently, the Government charged Dickerson with perjury in violation of 18 U.S.C. § 1623 (1994). Dickerson elected a bench trial. Dickerson admitted at trial that he had lied before the grand jury and the court found him guilty of perjury.

The probation office submitted a presentence report recommending that Dickerson be sentenced as an accessory after the fact, and that he be given no credit for acceptance of responsibility. On this basis, the probation office calculated a guideline range of 30 to 37 months imprisonment. The district court refused to sentence Dickerson as an accessory after the fact and found he was entitled to credit for acceptance of responsibility. These rulings resulted in a guideline range of 21 to 27 months; the court sentenced Dickerson to 24 months imprisonment.

II.

Dickerson contends that the statements he made to the grand jury were not material to its deliberations and so the Government failed to prove beyond a reasonable doubt that he committed perjury in violation of 18 U.S.C. § 1623.

Section 1623(a) provides in pertinent part:

> Whoever under oath . . . in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration . . . shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1623(a) (emphasis added). Thus, materiality clearly constitutes an essential element of a § 1623(a) offense. "A statement is material if it has a natural tendency to influence, or is capable of influencing, the decision-making body to which it was addressed." United States v. Littleton, 76 F.3d 614, 618 (4th Cir. 1996).

3

Before the grand jury, Dickerson testified that he did not know "why" or "how" Sparks was assaulted. Dickerson maintains that he provided no information to the grand jury and so his testimony had no "natural tendency to" or capability of influencing it.

The argument is meritless. Dickerson did provide information, or rather misinformation, to the grand jury. Under oath, Dickerson told the grand jury that he, an eyewitness, did not see "why" or "how" Sparks was assaulted. Because Dickerson did not testify truthfully, the grand jury did not have any eyewitness evidence as to the circumstances of the assault. Dickerson's lies weakened the Government's case against Jenkins, forcing the Government to rely on physical evidence in obtaining an indictment. Thus, the lies had the capability of influencing the grand jury not to indict Jenkins. Conversely, by withholding from the grand jury crucial evidence that Jenkins might have acted in self-defense or with justification, Dickerson's testimony also had the capability of influencing the grand jury to indict Jenkins, when it might not have otherwise done so.

In sum, viewing the evidence in the light most favorable to the Government, the prosecution certainly presented sufficient evidence for the trial court to find beyond a reasonable doubt that Dickerson's statements to the grand jury were material. Thus, the evidence of perjury was sufficient.

III.

The Government cross-appeals, asserting that the district court erred in two respects when sentencing Dickerson.

A.

First, the Government maintains that the district court should have sentenced Dickerson as an accessory after the fact.

The Sentencing Guidelines generally provide a base offense level of twelve for perjury. See U.S. Sentencing Guidelines Manual § 2J1.3 (1997). However, if the defendant committed perjury "in respect to a criminal offense," the Guidelines direct the sentencing court to use a

cross reference and sentence him as an accessory after the fact "in respect to that criminal offense, if the resulting offense level is greater than [the perjury offense level.]" U.S.S.G.§ 2J1.3(c). Concededly, if Dickerson had been sentenced as an accessory after the fact to an assault, his offense level would have been greater than that resulting under the perjury guideline. See U.S.S.G.§ 2A2.1 (assault with intent to murder) and § 2A2.2 (aggravated assault).

Yet, the district court refused to sentence Dickerson as an accessory after the fact. The court seemed convinced that the accessory after the fact cross reference did not apply because Dickerson did not act as an accessory after the fact. The court explained:

> I am not going to find that this man was an accessory. He didn't help to cover up the crime itself. He didn't give any kind of -- I don't have any evidence before me that he gave succor or comfort to Jenkins.

This rationale is directly contrary to the Guidelines directive that the cross reference applies not only when a defendant, in fact, acts as an accessory, but also when he attempts "to assist another person to escape punishment for an offense." U.S.S.G. § 2J1.2, comment. (backg'd) (referenced in U.S.S.G. § 2J1.3, comment. (backg'd)); see also United States v. Jamison, 996 F.2d 698, 701 (4th Cir. 1993) (holding that cross reference applies when defendant perjures himself to protect a third party). For this reason, as Dickerson concedes on appeal, the district court erred in refusing to sentence him as an accessory after the fact because he did not act as such an accessory.

"Whether the underlying offense involved in perjury was `in respect to a criminal offense' is a finding of fact to be resolved by the district court during sentencing." United States v. Colbert, 977 F.2d 203, 207 (6th Cir. 1992). Here, however, the facts regarding this issue are undisputed. The court unquestionably convicted Dickerson of perjury in "respect to a criminal offense," i.e., Jenkins' assault on Sparks. Accordingly, on remand, the district court must apply the cross reference and sentence him as an accessory after the fact"in respect to that criminal offense." U.S.S.G. § 2J1.3(c).

The Government urges us to provide further direction to the district court on remand. Specifically, the Government argues that we should

5

hold that whenever a sentencing court finds the § 2J1.3(c) cross-reference applicable, it must invariably sentence a defendant as an accessory to the most serious underlying offense that was <u>charged</u>. In this case, that would mean that the district court would have to sentence Dickerson as an accessory after the fact to the most serious offense with which Jenkins was charged -- assault with intent to commit murder -- even though Jenkins was only convicted of assault resulting in serious bodily injury.

We cannot so hold. Determination of the proper underlying offense under § 2J1.3(c) is a factual inquiry for the district court in the first instance. See, e.g., United States v. Glover, 52 F.3d 283, 287 (10th Cir. 1995) (reviewing evidence supporting district court's finding as to proper underlying offense). Moreover, the facts with respect to what constitutes the proper underlying offense, unlike the facts as to whether Dickerson committed perjury in respect to a criminal offense, have not yet been fully developed.

The presentence report in this case was prepared quickly -- during the luncheon recess after the morning bench trial. In that report, the probation agent recommended, without explanation, that assault resulting in serious bodily injury be regarded as the proper underlying offense. The probation agent did not testify at the sentencing hearing. Thus, the record does not reveal the basis for this recommendation which was made in the face of the fact that the court that tried Jenkins for the assault denied his Rule 29 motion to dismiss the assault with intent to murder charge, finding there was sufficient evidence to present that charge to the jury. On remand, the district court will have an opportunity to explore the basis for the probation officer's recommendation and any other evidence as to the proper underlying offense. In considering these issues, we offer the following guidance to the district court.

When determining the "underlying offense," for purposes of the cross reference, a sentencing court need not look to the offense of conviction. See United States v. Pierson, 946 F.2d 1044, 1047 (4th Cir. 1991) (concluding that U.S.S.G. § 2X3.1 does not require "underlying offense" to be an offense of conviction), overruled on other grounds by United States v. Heater, 63 F.3d 311, 329-31 (4th Cir.

6

1995), cert. denied, 116 S. Ct. 796 (1996). **1** If the underlying offense always constituted the offense of conviction, perjurers would be able to benefit from perjury that successfully persuaded a grand jury not to indict or a petit jury not to convict. We decline to adopt such a rule absent an express mandate from the Sentencing Commission.

On the other hand, we refuse to hold, as the Government has urged, that a district court must always find that the"underlying offense" is the most serious charged offense. We recognize that when several offenses may be applicable a defendant is "not entitled to select the least serious offense under investigation for purposes of applying the guidelines." United States v. McQueen, 86 F.3d 180, 184 (11th Cir. 1996) (citing U.S.S.G. § 1B1.5 comment. (n.3)-- "where cross-referencing required, and more than one offense applicable, the most serious offense is to be used."). However, there may be occasions in which the evidence supports a finding that the offense of conviction, rather than the charged offense, constitutes the"underlying offense." For example, this may be the case if a prosecutor brings "charges, not in the good faith belief that they fairly reflect the gravity of the offense, but rather as a harassing and coercive device in the expecta-tion that they will induce the defendant to plead guilty." ABA Standards for Criminal Justice: Prosecution Function and Defense Function (3rd ed. 1993) § 3-3.9 at 76; see also Brady v. United States, 397 U.S. 742, 751 n.8 (1970) (noting that a prosecutor may "employ

_____

**1** In Pierson, we based our holding on the fact that at that time, § 2X3.1 did not "expressly require a conviction of the underlying offense." 946 F.2d at 1047. Subsequently, the Commission amended its application note to § 2X3.1 to make clear that "`underlying offense' means the offense as to which the defendant is convicted of being an accessory." U.S.S.G. App. C § 401 at 291-92. However, this note clearly relates to "the substantive crime of accessory after the fact," not to the situation here where the "guidelines merely borrow the formula in § 2X3.1 to treat a defendant who has perjured himself in relation to a criminal offense as if he was convicted of being an accessory." United States v. Martinez, 106 F.3d 620, 621 (5th Cir. 1997); see also United States v. McQueen, 86 F.3d 180, 183 (11th Cir. 1996) (noting that conviction is not required to cross reference charged offense). For this reason, the subsequent amendment to the application note in § 2X3.1 does not require any change in our holding.

[her] charging and sentencing powers to induce a particular defendant to tender a guilty plea.").

The Sentencing Commission itself has recognized the difficulty with invariably relying on a "charged offense system." U.S.S.G. Ch. 1, Pt. A, intro. comment. 4(a). In its introduction to the Guidelines, the Commission stated that one of the most significant drawbacks of the charged offense system was "the potential it affords prosecutors to influence sentences by increasing or decreasing the number of counts in an indictment." Id. The Commission pointed out that "the defendant's actual conduct (that which the prosecutor can prove in court) imposes a natural limit upon the prosecutor's ability to increase a defendant's sentence." Id. (emphasis added). If we were to mandate that the underlying offense must always be the charged offense, as the Government argues, we would be eliminating this important "limit" on prosecutorial discretion.

Our holding here, of course, does not mean that a sentencing court is free to choose whatever offense it pleases as the underlying offense. Rather, a district court's finding as to what constitutes the underlying offense, like any other factual finding, must be supported by the evidence. If the district court finds, by a preponderance of the evidence, that Dickerson's perjury was in respect to both assault with intent to murder and assault resulting in serious bodily injury, the district court must use the offense that results in the greatest offense level as the underlying offense. See U.S.S.G. § 1B1.5, comment.(n.3).

B.

The Government also argues the district court erred in giving credit to Dickerson for acceptance of responsibility and for this reason, reducing his sentencing by two levels pursuant to U.S.S.G. §3E1.1.

The Sentencing Guidelines provide that a court may reduce a sentence if a defendant "demonstrates acceptance of responsibility," which the Commission describes as:

> truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying

8

any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction . . . . A defendant may remain silent in respect to relevant conduct beyond the offense of conviction . . . . However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.

U.S.S.G. § 3E1.1, comment. (n.1(a)).

Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," the Commission directs that "the determination of the sentencing judge" on this matter "is entitled to great deference on review." U.S.S.G.§ 3E1.1, comment. (n.5). See also United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995) (sentencing court's decision on whether to grant a reduction for acceptance of responsibility "is a factual determination that we will not disturb on appeal unless it is clearly erroneous").

The district court based its decision to reduce Dickerson's sentence on two grounds. First, the court found that Dickerson was entitled to an acceptance of responsibility reduction because he had "saved both the Court and the Government real time in not having to go through a jury trial." The other reason the district court gave for finding Dickerson accepted responsibility was that he never "indicated [at trial] that he doesn't accept the fact that he lied." The court clearly erred in granting an acceptance of responsibility reduction on these bases.

The court initially erred in determining that the defendant's selection of a bench rather than a jury trial should be factored into the acceptance of responsibility determination. The Guidelines make no distinction between a bench and a jury trial. The relevant distinction is between a defendant "who puts the government to its burden of proof at trial" and a defendant who does not request a trial. U.S.S.G. § 3E1.1, comment. (n.2). The Commission has explained that the acceptance of responsibility reduction "is not intended to apply" to the

9

former, but nowhere suggests that if a defendant only requests a bench trial this rule is waived. Id.

As to the district court's second reason, Dickerson did acknowledge both at Jenkins' criminal trial and at his own trial for perjury that he had lied to the grand jury. But simply admitting perjury does not constitute proof "by a preponderance of the evidence that [a defendant] clearly demonstrated recognitition and affirmative acceptance of personal responsibility for his criminal conduct." United States v. Martinez, 901 F.2d 374, 377 (4th Cir. 1990). Although a defendant can remain eligible for a sentence reduction for acceptance of responsibility even when he demands a trial, this is only when "a defendant goes to trial to assert and preserve issues that do not relate to factual guilt" -- such as a constitutional challenge to a statutory provision, or a challenge to the application of the statute to his conduct. U.S.S.G. § 3E1.1, comment. (n.2).

At least in part, Dickerson went to trial to attempt to prove, as he maintains again on appeal, that his lies to the grand jury were not "material."[2] Because materiality is an essential element of a perjury offense, in asserting his lies were not material, Dickerson challenged his "factual guilt." Thus, although he acknowledged lying to the grand jury he never "truthfully admitt[ed] the conduct comprising the offense(s) of conviction." U.S.S.G. § 3E1.1, comment. (n.1(a)). For this reason, "he put[ ] the government to its burden of proof at trial by denying [an] essential factual element[ ] of guilt" and so is not entitled to an acceptance of responsibility reduction. U.S.S.G. § 3E1.1, comment. (n.2).

_____

[2] Dickerson also apparently elected a trial to assert that duress -- fear that fellow prisoners would kill him if he cooperated with the Government -- should mitigate any punishment. If this had been his only purpose in requesting a trial, he would not have forfeited the right to an acceptance of responsibility reduction -- propounding a duress defense does not foreclose a finding of acceptance of responsibility. See United States v. Johnson, 956 F.2d 894, 905 (9th Cir. 1992) (claim of incomplete duress does not bar finding of acceptance of responsibility); see also United States v. Cheape, 889 F.2d 477, 480 (3rd Cir. 1989) (finding that district court erred in concluding that the jury's rejection of coercion defense precluded the court from finding coercion to be a mitigating factor).

10

IV.

Accordingly, we affirm Dickerson's perjury conviction but vacate his sentence and remand to the district court so that it can resentence Dickerson in a manner consistent with this opinion.

<u>AFFIRMED IN PART; VACATED AND REMANDED IN PART</u>

11