UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4893

OTIS SALLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-96-17)

Submitted: May 12, 1998

Decided: June 3, 1998

Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard A. Harpootlian, RICHARD A. HARPOOTLIAN, P.A.,
Columbia, South Carolina, for Appellant. J. Rene Josey, United States
Attorney, Cameron G. Chandler, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Otis Salley appeals his sentence after a conviction of attempting to influence a juror in the discharge of his duties in a criminal case, in violation of 18 U.S.C. §§ 2, 1503[1] (1994). We affirm.

Salley was indicted for conspiring to possess with the intent to distribute and distributing cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). After the jury was selected, Salley solicited his aunt, Beulah Johnson, to contact one of the jurors on Salley's behalf. Johnson called one of the jurors and arranged to meet at a local restaurant to discuss Salley's case. The juror informed authorities about the meeting, and arrangements were made for the juror to be fitted with a body wire transmitter and recording device to record any conversations with Salley and Johnson.

At the arranged meeting, Johnson approached the juror and sat down. Salley acknowledged the juror and sat at another table. Johnson told the juror that Salley wanted her to advise the juror that the drugs had been planted by crooked police officers, and that Salley would appreciate any help the juror could offer in the case. At the conclusion of the meeting, Johnson obtained a five dollar bill from Salley, which she gave to the juror for gas money and for his trouble in meeting her. Both Johnson and Salley were arrested and charged with attempting to influence a juror in violation of 18 U.S.C. §§ 2, 1503.

The district court severed Salley's drug charge from the obstruction charge for purposes of trial. Salley proceeded to trial on the drug charges in April 1996, and was found not guilty. In June 1996, Salley proceeded to trial on the obstruction charge, for which he was found guilty. Salley's PSR recommended that his base offense level for the obstruction conviction be computed in accordance with USSG § 2J1.2(c)(1). Section 2J1.2(c)(1) provides that when the offense involves an effort to obstruct the investigation or prosecution of a criminal offense, the cross-reference to USSG § 2X3.1 should apply.

_____

[1] Current version at 18 U.S.C.A. § 1503 (West Supp. 1998).

2

Under § 2X3.1, Salley's base offense level is twenty-eight. Salley's offense level of twenty-eight and his criminal history category of III resulted in a guideline range of 97 to 121 months.

Salley objected to the PSR's calculation of his base offense level, contending that his base offense level should have been computed identically to Johnson's.**2** The district court rejected this argument, noting that any disparity between Johnson's base offense level and Salley's was a result of their relative culpability. The district court sentenced Salley to a term of imprisonment of 100 months.

Our review of the record reveals that Salley's offense level was correctly computed under U.S.S.G. § 2J1.2(c)(1) and § 2X3.1. See United States v. Dickerson, 114 F.3d 464, 467-68 (4th Cir. 1997); U.S.S.G. §§ 2J1.2(c)(1), 2X3.1. Likewise, Salley's sentence was within the statutory and guideline range. See 18 U.S.C. § 1503; U.S.S.G. §§ 2D1.1, 2X3.1; U.S.S.G. Ch. 5, pt. A. The calculation of Johnson's offense level, whether correct or not, has no bearing on Salley's correctly computed offense level and sentence. See generally United States v. Withers, 100 F.3d 1142, 1149 n.3 (4th Cir. 1996) (holding that disparate sentences between codefendants does not provide a basis for departure), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3631 (U.S. Mar. 17, 1997) (No. 96-7884); United States v. Dillard, 43 F.3d 299, 310-12 (7th Cir. 1994); United States v. Goff, 907 F.2d 1441, 1447 (4th Cir. 1990).

Accordingly, we affirm Salley's sentence. We dispense with oral argument because the facts and contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

**2** Johnson pled guilty. Johnson's presentence investigation report (PSR), applying U.S. Sentencing Guidelines Manual § 2J1.2(a) (1995), calculated Johnson's base offense level at twelve. With a two-level reduction for acceptance of responsibility, Johnson's adjusted base offense level of ten and a criminal history category of I resulted in a guideline range of six to twelve months imprisonment. On motion of the Government, Johnson received a downward departure for substantial assistance, and was sentenced to six months federal probation.