**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 98-4736

KAREEN WATSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-97-445)

Submitted: June 22, 1999

Decided: August 9, 1999

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas Abbenante, Washington, D.C., for Appellant. Helen F.
Fahey, United States Attorney, James L. Trump, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kareen Watson appeals from a 235-month sentence imposed following his jury conviction for conspiracy to possess with the intent to distribute and to distribute crack cocaine, cocaine, marijuana, and PCP, in violation of 21 U.S.C.A. § 846 (West Supp. 1999). We find no reversible error and affirm Watson's conviction and sentence.

Watson first contends that the district court erred in denying his motion for a judgment of acquittal. We find that viewing the evidence in a light most favorable to the Government, Watson's conviction was supported by sufficient evidence. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 119 S. Ct. 1032 (1999).

We also reject Watson's evidentiary arguments. The evidence of Watson's participation in a fraudulent check scheme was intrinsic to his drug distribution activities and not subject to the limitations of Fed. R. Evid. 404(b). See United States v. Chin , 83 F.3d 83, 87-88 (4th Cir. 1996). We also find that the evidence was not overly prejudicial, see Fed. R. Evid. 403. Thus, the district court did not abuse its discretion by admitting the evidence of the fraudulent check scheme. Even assuming the prejudice from the admission of this evidence outweighed its probative value, any error was harmless given the strength of the other evidence against Watson. See United States v. Ince, 21 F.3d 576, 583 (4th Cir. 1994). We further find that the district court did not clearly err when it increased Watson's base offense level by two levels pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997). Because the evidence at trial showed that Watson accepted a firearm as consideration for drugs, his possession of the firearm was connected to the offense. See United States v. Rogers, 150 F.3d 851, 858 (8th Cir. 1998), cert. denied , 119 S. Ct. 888 (1999). Finally, the district court did not clearly err when it refused to reduce Watson's sentence on his claim that he accepted responsibility. While Watson correctly notes that a defendant who is convicted after a trial is not automatically excluded from receiving a reduction under USSG § 3E1.1, Watson challenged his factual innocence at trial and thus did not fit within the exception to the general rule precluding such a

2

reduction. <u>See United States v. Dickerson</u>, 114 F.3d 464, 470 (4th Cir. 1997).

Accordingly, we affirm Watson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3