**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4159

ANTHONY MCCLINE LAWTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CR-97-120)

Argued: October 29, 1999

Decided: December 2, 1999

Before WILKINSON, Chief Judge, and LUTTIG and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Patrick Hugh O'Donnell, KAUFMAN & CANOLES,
Norfolk, Virginia, for Appellant. Laura P. Tayman, Assistant United
States Attorney, Norfolk, Virginia, for Appellee. **ON BRIEF:** Helen
F. Fahey, United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Lawton appeals his conviction and sentence for perjury. For the reasons stated herein, we affirm.

I.

On October 24, 1996, defendant-appellant Anthony McCline Lawton ("Anthony") testified as a defense witness at the trial of his younger brother Avery Lawton ("Avery") for conspiracy to distribute crack cocaine and heroin and for possession with intent to distribute crack cocaine. At that trial, the Government contended that Avery "utilized proceeds from the sale of narcotics to purchase a 1989 Acura Legend automobile, which was titled in the name of a nominee." J.A. 217. Anthony, however, testified that <u>he</u> had purchased the Acura, withdrawing $4,000 of wage-related savings from his credit-union account at Guardian Federal to make the $4,650 down payment on October 18, 1995. J.A. 166.

In August of 1997, Anthony was indicted for perjury. **1** Waiving his right to trial by jury, Anthony appeared before the district court on November 5, 1997. During the course of the trial, the district court admitted, over the objection of Anthony's counsel, the testimony of Government witness Jeffrey Hamm. In that testimony, Hamm repeated his version of an out-of-court conversation that he had with the leader of the drug conspiracy, Nathaniel Richardson.

_____

**1** 18 U.S.C. § 1623 provides in relevant part:

> Whoever under oath [. . .] in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration [. . .] shall be fined under this title or imprisoned not more than five years, or both.

2

At the end of this one-day bench trial, the district court found Anthony guilty of perjury, supplementing its oral ruling with a written order dated November 10, 1997. On February 19, 1998, the district court sentenced Anthony to the statutory maximum for perjury -- 60 months.

II.

Anthony's principal contention on appeal is that the district court erroneously admitted Hamm's testimony about the conversation Hamm had with Richardson. Specifically, Anthony argues that the district court erroneously accepted the Government's contention that Federal Rule of Evidence 801(d)(2)(E) excluded the conversation from the definition of hearsay.**2**

Rule 801(d)(2)(E) provides in relevant part:

> A statement is not hearsay if -- [. . .] The statement is offered against a party and is [. . .] (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish[. . .] the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered[.]

Id. (emphasis added). As the text of the Rule makes clear, "[t]o admit evidence as a co-conspirator's statement, a court must conclude [. . .] that there was a conspiracy involving the declarant and the party against whom the admission of the evidence is sought." United States v. Blevins, 960 F.2d 1252, 1255 (4th Cir. 1992) (citing Bourjaily v. United States, 483 U.S. 171, 175 (1987)) (emphasis added). Such a conspiracy need only be proven by "a preponderance of the evidence." Id. And, "a district court's decision to admit evidence under Rule 801(d)(2)(E) may only be overturned on appeal if it constituted

_____

**2** Absent Rule 801(d)(2)(E), the conversation clearly satisfied the definition of hearsay. See Fed. R. Evid. 801(c) ("`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").

3

an abuse of discretion." Id. at 1255-56 (citing United States v. Curro, 847 F.2d 325, 328 (6th Cir. 1988)).

A.

We are satisfied that the district court did not abuse its discretion in admitting Hamm's testimony. Quite possibly, neither the evidence adduced prior to the admission of Hamm's testimony of his conversation with Richardson nor Hamm's testimony itself provided a foundation on which the district court could have found, by a preponderance of the evidence, that Anthony was a member of the drug conspiracy of which Hamm and Richardson were members. However, a district court may, in its discretion, conditionally admit"`evidence as to things said and done by an alleged co-conspirator subject to being connected up and followed by evidence of the existence of the conspiracy.'" United States v. McCormick , 565 F.2d 286, 289 n.5 (4th Cir.), cert. denied, 434 U.S. 1021 (1978) (quoting United States v. Vaught, 485 F.2d 320, 323 (4th Cir. 1973)). And, here, evidence adduced after the admission of Hamm's testimony did supply the requisite foundation for a finding that Anthony was a member of the drug conspiracy of which Hamm was a part.

There was ample evidence that Anthony lied under oath about the source of his funds for purchasing the Acura. See infra Part II.B. Together with Agent Miller's testimony that "drug dealers frequently use nominees for their assets [to] conceal[] true ownership and evade[] detection and also [to] veil[] the asset from seizure," J.A. 72, and the fact that Anthony and Avery were brothers, this evidence suffices to establish the "slight connection between[Anthony] and the conspiracy" required to find that Anthony was a member of the conspiracy. United States v. Burgos, 94 F.3d 849, 861 (4th Cir. 1996) (en banc).

B.

Even if the district court had erred in admitting Hamm's conversation with Richardson under Rule 801(d)(2)(E), we would nevertheless affirm the judgment of conviction, because the error would have been harmless. In such event, we could say "`with fair assurance, after pondering all that happened without stripping the erroneous action from

4

the whole, that the judgment was not substantially swayed by the error.'" United States v. Ince, 21 F.3d 576, 583 (4th Cir. 1994) (quoting United States v. Urbanik, 801 F.2d 692, 698-99 (4th Cir. 1986) (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946))). In other words, it is "`highly probable that the error did not affect the judgment.'" Id. (quoting Urbanik, 801 F.2d at 698-99 (quoting United States v. Nyman, 649 F.2d 208, 212 (4th Cir. 1980))). The perjury case against Anthony was not remotely "close," and the "closeness of the case" is "the single most important factor" in the three-prong test used by this Circuit to implement the foregoing standard, see Ince, 21 F.3d at 583. As the district court correctly observed, the evidence of Anthony's guilt was "overwhelming." J.A. 236.

The Government made a strong prima facie showing that Anthony perjured himself in claiming that he made the down payment on the Acura with his wage-related savings. Anthony conceded, and payroll, tax, and bank records produced by the Government corroborated, that from January 1, 1995, until October 18, 1995, Anthony's take-home pay totaled only $5,587. J.A. 105-06. Bank records and the testimony of the bank's custodian of records established that,"throughout the period July 1 of 1995 until December the 31st of 1995, the balance was almost regularly under $300," and that withdrawals from Anthony's bank account never exceeded $140 in the four months leading up to the down payment. J.A. 83, 203-04.

Most importantly, by voluntarily taking the stand in his own defense, Anthony provided some of the most incriminating evidence against himself. Anthony defended the veracity of his statement that he withdrew $4,000 of wage-related savings from Guardian Federal to make the down payment, as follows. Allegedly, he withdrew the $4,000 in small quantities over a long period of time, rather than keeping the full amount in the bank until he needed it, so as to avoid garnishment. However, Anthony failed to produce any evidence of the garnishment, and could not even recall when he received the letter of garnishment. J.A. 112. Anthony also claimed that he saved the money he withdrew under his grandmother's bed, but he could not recall his grandmother's street address (even though he also claimed to have lived with his grandmother at some earlier point in time). When pressed by the prosecutor, Anthony then claimed that his grandmother had died. J.A. 113-14.

5

Given the "illogical" and "very evasive testimony of the defendant," the district court reasonably concluded that the defendant's testimony was "unbelievable and unpersuasive." J.A. 236. Combined with the prima facie case of perjury presented by the Government, the substance of Anthony's testimony and the common-sense inferences to be drawn therefrom established his guilt so clearly that it is "highly probable" that the admission of Hamm's conversation with Richardson did not "affect" or "substantially sway" the judgment of conviction.[3]

III.

A.

Anthony's insufficiency-of-the-evidence claim is meritless. For the reasons stated supra in Part II.B, and based on our review of the entire trial transcript, we conclude that, "taking the view most favorable to the Government," there is "substantial evidence" to support the judgment of conviction. Glasser v. United States, 315 U.S. 60, 80 (1941).

B.

Equally meritless is Anthony's argument that the district court reversed the burden of proof. Far from requiring Anthony to prove his innocence, the district court, in commenting on the implausibility of "the defendant's explanation," J.A. 125, was simply noting that the defendant's attempt at rebutting the Government's strong prima facie case failed.

C.

Anthony finally contends that the district court improperly applied the cross-reference provision in U.S.S.G. § 2J1.3(c) to enhance his sentence to 60 months. U.S.S.G. § 2J1.3(c) provides:

_____

[3] It is also noteworthy that in its oral and written findings convicting Anthony of perjury, the district court never referred to the challenged conversation Hamm had with Richardson.

6

> If the offense involved perjury, subornation of perjury, or witness bribery in respect to a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined above.

Id. (emphasis added). Specifically, Anthony argues that his perjury was not "in respect to" Avery's narcotics conspiracy and possession offenses.

We review this claim for clear error. See United States v. Colbert, 977 F.2d 203, 207 (6th Cir. 1992) (quoted in part by United States v. Dickerson, 114 F.3d 464, 467 (4th Cir. 1997)). We conclude that the district court did not commit clear error in applying U.S.S.G. § 2J1.3(c) to enhance Anthony's sentence. Our precedent makes clear that § 2J1.3(c) "applies not only when a defendant, in fact, acts as an accessory, but also when he attempts `to assist another person to escape punishment for an offense.'" Dickerson , 114 F.3d at 467 (quoting U.S.S.G. § 2J1.2, comment. (backg'd) (referenced in U.S.S.G. § 2J1.3, comment. (backg'd))). Here, by testifying (falsely) for the defense at Avery's trial, in a manner that contradicted the testimony of, and thereby cast doubt on the credibility of, the Government's witnesses at Avery's trial, Anthony did attempt "to assist another person [Avery] to escape punishment for an offense."

For the reasons stated herein, we affirm Anthony Lawton's conviction and sentence for perjury.

AFFIRMED

7