UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JOHN CLARENCE JOHNSON, JR., a/k/a
JJ,
Defendant-Appellant.

No. 99-4656

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-98-922)

Submitted: March 28, 2000

Decided: April 26, 2000

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Harold Watson Gowdy, III, OFFICE
OF THE UNITED STATES ATTORNEY, Greenville, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John C. Johnson, Jr., appeals his convictions and sentences for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a) (1994). For the reasons that follow, we affirm.

A.

Johnson's Anders brief raises four claims.* Johnson first challenges the admissibility of his statements to Agent Mark Poag of the Drug Enforcement Agency (DEA).

The admissibility of Johnson's statements turns on whether the confession is voluntary. See 18 U.S.C. § 3501 (1994); United States v. Dickerson, 166 F.3d 667, 684 (4th Cir. 1999), cert. granted, 68 U.S.L.W. 3361 (U.S. Dec. 6, 1999) (No. 99-5525); United States v. Braxton, 112 F.3d 777, 781 (4th Cir. 1997). We review the voluntariness of confessions de novo. See Braxton, 112 F.3d at 781. A statement given freely and voluntarily without any compelling influences is admissible in evidence. See Miranda v. Arizona, 384 U.S. 436, 478 (1966). The government bears the burden of establishing, by prepon-

_____

*Johnson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Accordingly, the Clerk of this Court notified Johnson of his right to file a pro se supplemental brief. In response to Johnson's motions for extension of time, the court extended the time within which to file the brief until January 3, 2000. On January 12, 2000, and again on February 14, 2000, Johnson moved for another extension of time. Because it is clear from the record that Johnson is entitled to no relief, and because the court gave Johnson two prior extensions, we deny his two pending motions for extension of time. We also deny his motions to receive the complete record, to dismiss counsel, and to appoint new counsel or proceed pro se.

derance of the evidence, the voluntariness of a confession. See Lego v. Twomey, 404 U.S. 477, 489 (1972); Braxton , 112 F.3d at 781.

Shortly after his arrest, Johnson was interviewed by Poag. Poag advised Johnson of his rights in accordance with Miranda, and Johnson waived his rights and agreed to talk to Poag. Johnson confessed to Poag that he agreed to provide William Brazel with a half kilogram of cocaine. Johnson further confessed that after unsuccessful attempts to obtain the cocaine, he contacted William Wilkins in Florence, South Carolina. Johnson also admitted that Wilkins and Arthur Kinder came from Florence the night before the proposed exchange with Brazel and that they repackaged the cocaine at Johnson's house. Johnson contended that he made these statements prior to learning his rights, and Poag testified that the statements were made after Johnson was given a Miranda warning. The district court chose to credit Poag's version of events.

A review of the record demonstrates that the district court's decision to credit Poag's testimony was not clearly erroneous. Therefore, we deny relief on this claim. See United States v. Gray, 137 F.3d 765, 771-72 (4th Cir. 1998), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3234 (U.S. Oct. 5, 1998) (No. 97-9680).

B.

Johnson next claims that the district court erred in denying his motion for acquittal pursuant to Fed. R. Crim. P. 29.

The standard of review for deciding a Rule 29 motion is "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982). In determining the issue of substantial evidence, we neither weigh the evidence nor consider the credibility of witnesses. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

The government presented substantial evidence sufficient to warrant the jury's finding of guilty beyond a reasonable doubt. Johnson

3

admitted that he, Kinder, and Wilkins agreed to deliver cocaine to Brazel, and further admitted that he had previously sold an ounce of cocaine to Brazel. The only issue in dispute was whether Johnson was entrapped by Brazel. Brazel testified that Johnson approached him with an offer to sell drugs. Conversely, Johnson testified that Brazel repeatedly approached him. The district court allowed the jury to consider entrapment as a defense. In rejecting the entrapment defense, the jury implicitly credited Brazel's version of events. Because this court does not review the factual determinations made by a jury, see Arrington, 719 F.2d at 704, we deny relief on this claim.

C.

Following the jury verdicts, Johnson made several pro se motions for a new trial based upon juror misconduct. Johnson claimed that some jurors were sleeping during trial and that he witnessed some of the jurors improperly discussing the case before it was submitted to them. This court reviews denials of motions for mistrial based upon juror misconduct for abuse of discretion. See United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995).

The district court found that, based upon its observations of the jury throughout the trial, jurors were not sleeping or otherwise not paying attention. The record is devoid of any evidence that this finding was clearly erroneous. Moreover, because Johnson failed to promptly bring to the court's attention any sleeping or unattentive jurors, the district court correctly found that Johnson waived his right to a new trial based upon juror misconduct. See United States v. Dean, 667 F.2d 729, 733-34 (8th Cir. 1982). Accordingly, we deny relief on this claim.

D.

Johnson raised several objections to his sentence. We review factual determinations made in sentencing proceedings for clear error and legal conclusions de novo. See United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). The district court's factual findings must be supported by a preponderance of the evidence. See United States v. Brooks, 957 F.2d 1138, 1148 (4th Cir. 1992).

4

Johnson claims that the inclusion of cocaine and crack cocaine found in Wilkins' truck should not be attributed to him for the purpose of determining his base offense level. Johnson admitted he initiated the acquisition of drugs by Wilkins in Florence, South Carolina. Johnson also admitted he and Wilkins cut and repackaged the cocaine later found in Wilkins' truck. The district court, therefore, properly held Johnson responsible for these drugs. See United States v. Irvin, 2 F.3d 72, 78 (4th Cir. 1993).

Johnson claims that the district court erroneously denied a reduction in his offense level for acceptance of responsibility pursuant to USSG § 3E1.1 (1998). Johnson asserted his innocence throughout his trial and sentencing. He is therefore not entitled to an acceptance of responsibility adjustment. See USSG § 3E1.1, comment (n. 1(a)); United States v. Dickerson, 114 F.3d 464, 470 (4th Cir. 1997).

Finally, Johnson challenged the drug amount attributable to him as relevant conduct. Johnson claimed that the drugs involved in a deal that took place in Florida were not properly attributable to him as relevant conduct for the instant offense; that the information used to set relevant conduct drug amounts was given to Agent Poag under an immunity agreement and therefore should not have been used against him; and that the drug amounts in the pre-sentence report were factually incorrect.

Johnson's claims are without merit. Johnson admitted that in order to consummate his first sale of cocaine to Brazel, he obtained one ounce of cocaine from a source in Florida. This transaction was the link the district court relied on to connect Johnson with on-going drug activity in Florida. The district court therefore did not clearly err in attributing the cocaine transactions between Johnson and his contact in Florida as relevant conduct.

Johnson's remaining claims of immunity and erroneous drug amounts boil down to attacks on the credibility of Agent Poag. The district court decided to credit Poag's testimony, finding that no immunity agreement existed and that Johnson had, in fact, provided Poag with the information that formed the basis of the drug amounts in the pre-sentence report. The district court's findings regarding the credibility of witnesses are entitled to deference in this court. There-

5

fore, Johnson's sentence will not be reversed on this ground. <u>See</u> <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989).

As this is an <u>Anders</u> appeal, we have thoroughly reviewed the record, including the transcripts and the pre-sentence report, and find no reversible error. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6