# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

No. 99-4568

DEREK EUGENE POPEJOY,
　　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-66-V)

Argued: February 27, 2002

Decided: July 17, 2002

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** J. Steven Brackett, J. STEVEN BRACKETT LAW
OFFICE, Hickory, North Carolina, for Appellant. Gretchen C.F.
Shappert, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee. **ON BRIEF:** Mark T. Calloway, United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Derek Eugene Popejoy appeals his sentence for conspiracy to possess marijuana with the intent to distribute, *see* 21 U.S.C.A. § 846 (West 1999). We affirm.

### I.

Popejoy was indicted for conspiracy "to possess with intent to distribute, a quantity of marijuana." J.A. 15. Before trial, defense counsel contacted the prosecutor and asserted that Popejoy was not involved in the conspiracy but was merely present when others engaged in illegal activities; nevertheless, he stated that Popejoy would plead guilty under certain conditions. The parties failed to reach an agreement, however, and Popejoy was convicted by a jury.

At sentencing, Popejoy adhered to his previously declared position that he was not involved in the charged conspiracy, although the conspirators were his friends and he was occasionally present while they engaged in drug trafficking. He further asserted that the activities of which he was aware involved far less marijuana than was attributed to him in the presentence report (PSR); whereas the guideline calculations in the PSR were based on more than 2,000 pounds of marijuana, Popejoy claimed that the appropriate figure was closer to 240 pounds. Finally, Popejoy sought a reduction in his offense level based on acceptance of responsibility. *See U.S. Sentencing Guidelines Manual* § 3E1.1 (1998). The district court found Popejoy responsible for the smaller quantity of marijuana, denied the § 3E1.1 reduction, and sentenced Popejoy to 72 months imprisonment.

### II.

Popejoy contends that the district court erred in refusing to reduce his offense level based on acceptance of responsibility. He argues that

he has only contested the amount of marijuana attributed to him and that, in light of the finding in his favor at sentencing, his position reflects an accurate assessment of his culpability rather than a blanket denial of guilt. The record does not support this argument. On the contrary, Popejoy has consistently asserted his innocence, maintaining that he was merely present while others engaged in drug trafficking. Because he has never conceded his factual guilt, which was established only after a trial by jury, we affirm the decision of the district court to deny a § 3E1.1 deduction. *See United States v. Dickerson*, 114 F.3d 464, 469-70 (4th Cir. 1997).

## III.

In addition to the issue raised by Popejoy, we also consider whether his 72-month sentence should be vacated pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) (en banc), *cert. denied*, 122 S. Ct. 2296 (2002). It is undisputed that this sentence is unlawful because the indictment against Popejoy did not specify any quantity of marijuana; thus, the statutory maximum applicable to the charged offense was 60 months. *See* 21 U.S.C.A. § 846 (providing that a drug trafficking conspiracy is subject to the same penalty as the offense intended by the conspiracy); 21 U.S.C.A. § 841(b)(1)(D) (West Supp. 2002) (establishing a 60-month maximum for distribution of less than 50 kilograms of marijuana). The question we must consider is whether to correct this unlawful sentence even though Popejoy has not challenged it.*

This court, like other courts of appeals, has suggested that it has the power to correct an error *sua sponte* if it amounts to plain error under Federal Rule of Criminal Procedure 52(b). *See United States v. Childress*, 26 F.3d 498, 502 (4th Cir. 1994); *see also, e.g.*, *United States v. Graham*, 275 F.3d 490, 521-22 (6th Cir. 2001), *cert. denied*, 122 S. Ct. 1625 (2002). This is the same standard that applies to questions raised on appeal after being forfeited in the district court. Arguably,

---

*Popejoy has argued that his sentence is unlawful, but only after we requested supplemental briefs on this issue. We do not believe this transforms the claim from one raised *sua sponte* into one properly raised by the Appellant.

we should apply a more exacting standard in light of our general refusal to consider issues not raised and properly argued in the appellant's opening brief. *See, e.g.*, *McCarver v. Lee*, 221 F.3d 583, 588 n.1 (4th Cir. 2000) (declining to consider issues mentioned but not argued in briefs); *Lewis v. INS*, 194 F.3d 539, 547 n.9 (4th Cir. 1999) (declining to consider issue first raised in reply brief).

We need not decide that question, however, because we conclude that even the ordinary plain error standard would bar relief here. Popejoy has admitted that he was aware of roughly 240 pounds of marijuana being handled by the conspiracy he was convicted of participating in. This far exceeds the threshold for imposition of a sentence exceeding 60 months. *See* 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2002) (establishing 20-year maximum for offenses involving more than 50 kilograms of marijuana). The "overwhelming and uncontroverted evidence" provided by Popejoy's admission precludes us from overturning his sentence. *United States v. Cotton*, 122 S. Ct. 1781, 1787 (2002).

## IV.

For the foregoing reasons, we affirm Popejoy's conviction and sentence.

*AFFIRMED*