UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

MILTON BRATEN,
　　　　　　*Defendant-Appellant.*

No. 02-4445

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-01-48)

Submitted: October 27, 2003

Decided: November 19, 2003

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

John D. Elliott, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Mark C. Moore, Assistant United States Attorney, Regan A. Pendleton, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Milton Braten appeals his jury convictions of one count of giving false statements to a federal agency, 18 U.S.C. § 1001 (2000), and three counts of obstruction of justice, 18 U.S.C. §§ 1503 and 1512 (2000). The district court sentenced Braten to a 121-month term of imprisonment. We affirm.

Braten first argues that the evidence presented at trial was insufficient to support his convictions on these four counts. A defendant challenging the sufficiency of the evidence to support a conviction "must overcome a heavy burden." *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995). We must sustain the verdict if there is substantial evidence, taken in the light most favorable to the Government, to support the conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Moreover, the jury weighs the credibility of the evidence, and credibility determinations are not susceptible to judicial review. *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996) (en banc). We have thoroughly reviewed the record under this standard and conclude that it is sufficient to support Braten's convictions.

Braten next challenges the district court's enhancement of his sentence for "obstructing the investigation or prosecution of a criminal offense." *U.S. Sentencing Guidelines Manual* §§ 2J1.2(c), 2X3.1 (2001). The standard of review for sentencing decisions operates on a flexible sliding scale. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). In general, this court reviews a district court's factual findings for clear error and its application of the guidelines de novo. *Id.* The district court's determination of whether defendant's conduct involved obstructing an investigation or prosecution of a criminal offense is a factual inquiry reviewed only for clear error. *See United States v. Dickerson*, 114 F.3d 464, 467-68 (4th Cir. 1997). The clear error standard also applies to the district court's determination of what crime the defendant obstructed. *Id.* at 468. We have reviewed the submissions of the parties and the district court's sentencing decision on this issue and find no reversible error.

Accordingly, we affirm Braten's convictions and sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*