**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-5166**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MICHAEL KEVIN HARRIS,

              Defendant - Appellant.


_____

**No. 06-5295**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

LARRY A. LYONS,

              Defendant - Appellant.


_____

Appeals from the United States District Court for the Northern
District of West Virginia, at Elkins.  Robert E. Maxwell, Senior
District Judge.  (2:05-cr-00019-3; 2:05-cr-00019-4)

_____

Argued:  February 1, 2008         Decided:  March 14, 2008

_____

Before MICHAEL and SHEDD, Circuit Judges, and Liam O'GRADY, United States District Judge for the Eastern District of Virginia, sitting by designation.

––––––––––

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

––––––––––

**ARGUED:** Jonathan David Fittro, Clarksburg, West Virginia; Dorwin John Wolfe, Elkins, West Virginia, for Appellants. Stephen Donald Warner, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee. **ON BRIEF:** Sharon L. Potter, United States Attorney, Wheeling, West Virginia, for Appellee.

––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry A. Lyons and Michael Kevin Harris both appeal their convictions and sentences related to widespread methamphetamine seizures in the Northern District of West Virginia, which culminated in a federal grand jury investigation and a series of indictments. Michael Kevin Harris pled guilty to perjury, in violation of 18 U.S.C. § 1623 and was sentenced to fifty-seven (57) months' incarceration. Harris appeals his sentence claiming that the district court erred in finding his perjury was "in respect to a criminal offense", triggering a cross reference to U.S.S.G. § 2X3.1. Larry A. Lyons pled guilty to aiding and abetting the manufacture of methamphetamine, in violation of 18 U.S.C. § 841(a)(1) and (2). He appeals his sentence of one hundred (100) months' incarceration, contending that the district court erroneously applied a sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(8)(B). We vacate and remand the sentence of Larry Lyons finding that the while the district court identified the four factors to consider when imposing such an enhancement, it failed to abide by the requirements of the Guidelines and consider each individual factor in the context of this case. We affirm the sentence of Michael Kevin Harris, finding sufficient evidence in the record to support the district court's application of the U.S.S.G. § 2X3.1 cross reference during sentencing.

I.

On September 22, 2004 local police in Barbour County, West Virginia discovered a methamphetamine laboratory in a trailer behind the residence of Karl Kevin Hill on Mud Gut Road. This discovery was the first seizure of a substantial methamphetamine lab in Barbour County and led to the discovery and eradication of numerous other methamphetamine labs over the next two years. As a result of these seizures, a federal grand jury conducted an investigation into the problem and returned a series of indictments. During this investigation, Kevin Michael Harris was called to testify concerning his knowledge of the methamphetamine operation on Mud Gut Road. When testifying before the grand jury on December 14, 2004, Harris denied having been to the Mud Gut Road residence on more than one occasion. However, Harris had indeed been to the residence on more than one occasion, and he subsequently pled guilty to perjury related to this testimony on November 7, 2005.

Meanwhile, on May 3, 2005, an off-duty sheriff's deputy, Mr. Lee Wright, was traveling on Isner Creek Road in Randolph County, West Virginia, when he noticed Larry Lyons and co-defendant Billy Leary get out of Lyons' vehicle and walk across the road into the nearby woods carrying a white trash bag. The deputy called for assistance and then approached both Lyons and Leary after announcing that he was a police deputy. Lyons cooperated and came

4

towards the deputy with his hands up, while Leary absconded into the woods, where he also discarded the white trash bag. The responding deputy stopped Leary and recovered the white trash bag, which contained chemicals and items that could be used to manufacture methamphetamine including: a glass mason jar, a plastic milk jug with two clear plastic hoses, a pound of salt, coffee filters, and liquid fire. A glass container containing traces[1] of liquid methamphetamine was also found in the woods, as well as methamphetamine manufacturing equipment in the back of Lyons' car. Lyons was subsequently indicted in regard to this incident and pled guilty to aiding and abetting in the manufacturing of methamphetamine.

## II.

Harris challenges the district court's finding that his perjury was "in respect to a criminal offense", triggering a cross reference to U.S.S.G. § 2X3.1, accessory after the fact. We review sentences for abuse of discretion. Gall v. United States, 128 S. Ct. 586 (2007). We review the district court's legal interpretations of the sentencing guidelines *de novo* and a district court's factual findings for clear error. See United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006).

---

[1]United States and the defendant stipulated in a plea agreement that the amount of liquid containing methamphetamine in the glass globe was greater than 50ml but less than 200ml.

5

Guideline § 2J1.3's cross reference to the guideline § 2X3.1, accessory after the fact, applies anytime a defendant has committed perjury in respect to a criminal offense. The cross reference to § 2X3.1 applies even if the defendant has not actually acted as an accessory, but has attempted to assist another person to escape punishment for an offense." See United States v. Dickerson, 114 F.3d 464, 467 (4th Cir. 1997). We find the Second Circuit's interpretation of § 2X3.1 and the meaning of "in respect to a criminal offense" in United States v. Suleiman, 208 F.3d 32 (2d Cir. 2000), persuasive. Namely, we are persuaded that perjury "in respect to a criminal offense" is not limited to false statements given in response to a question referring to a specific criminal offense. Id. at 39. Indeed, the purpose of the cross reference is to treat more severely perjuries that risk an incomplete or an inaccurate investigation before a grand jury. Id.

In this case, Harris was called to testify in a grand jury investigation regarding his knowledge of the Mud Gut Road methamphetamine investigation. Harris had ample notice that the grand jury was investigating a criminal offense, and that his statements, if false, could impede the progress or accuracy of such an investigation. Upon review of the record, we find the facts and circumstances sufficient to support the district court's determination that Harris' perjury was "in respect to a criminal

6

offense." We therefore affirm Harris' sentence and the application of a cross reference to U.S.S.G. § 2X3.1, accessory after the fact.

III.

Lyons contends that the district court erroneously imposed upon him a sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(8)(B)[2]. "When reviewing the district court's application of the guidelines in regard to sentence enhancement, we review the court's findings of fact for clear error." United States v. Houchins, 364 F.3d 182, 187 (4th Cir. 2004); see also United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Whether a district court has properly found the existence of a substantial risk of harm to human life or the environment within the meaning of § 2D1.1(b)(8)(B) is a mixed question of law and fact which we review de novo. Id.; see also United States v. Layne, 324 F.3d 464, 468 (6th Cir. 2003).

Application Note 20 of U.S.S.G. § 2D1.1(b)(8)(B) identifies four factors that a sentencing court is required to assess in determining whether an offense created a substantial risk of harm to human life or the environment.[3] While earlier versions of

---

[2]Formerly, U.S.S.G. § 2D.1.1(b)(6)(B).

[3]Pursuant to Application Note 20 of § 2D1.1, the four factors a court must consider are as follows: (i) the quantity of any chemicals or hazardous or toxic substances found at the laboratory,

7

Application Note 20 provided only that a court "may" consider the factors in determining applicability of the risk enhancement, the note was amended in November 2001 to mandate that the four factors "shall" be considered. Houchins, 364 F.3d 182, at 188. In order to pass muster on appellate review, a sentencing court need not find each factor satisfied to apply the sentencing enhancement at hand, but it must consider the four Guideline factors and their relevance to the individual circumstances of the case before applying the enhancement. Houchins, 364 F.3d 182, at n.9.

Upon review of the record, it is clear that the district court carefully identified the four factors that must be considered in order to impose the substantial risk enhancement. In addition, the district court discussed a previous evidentiary hearing, United States v. Rose, in which the court found through expert testimony that anytime methamphetamine is "cooked" there is a substantial risk of harm to human life and the environment. However, Application Note 20 requires something more, specifically that the district court apply each factor to the facts of the case before it to determine whether there is a substantial risk under §

---

and the manner in which the chemicals or substances were stored; (ii) the manner in which hazardous or toxic substances were disposed, and the likelihood of release into the environment of hazardous or toxic substances; (iii) the duration of the offense, and the extent of the manufacturing operation; (iv) the location of the laboratory (*e.g.,* whether the laboratory is located in a residential neighborhood or remote area), and the number of human lives placed at substantial risk of harm.

2D1.1(b)(8)(B). The Guidelines mandate consideration of several factors, such as the amount of chemicals found at the site, the duration of the offense, and the location of the laboratory. While the district court was welcome to consider the expert testimony heard in the case of United States v. Rose, the Guidelines prohibit the district court from reaching the automatic conclusion that in every instance in which methamphetamine is "cooked", there is a substantial risk of harm to human life and the environment. Such a generalized conclusion cannot be squared with the individualized four factor inquiry that is required by the plain language of Application Note 20 of the guideline. Therefore, finding that the district court failed to apply the required factors for a sentencing enhancement based on substantial risk, we vacate and remand for further consideration of the factors under Application Note 20, as they apply to the facts in this case.[4]

IV.

In conclusion, we find that the district court did not abuse its discretion and was not clearly erroneous in finding that

---

[4]Lyons makes an additional argument contending that the district court erred in sentencing him to 100 months' imprisonment, while sentencing his co-defendant to probation. We will not entertain claims in regard to a sentencing disparity of this kind, thus Lyons' claim merits no additional consideration. See United States v. Khan, 161 F.3d 477, 500 (4th Cir. 2007); see also United States v. Pyles, 482 F.3d 282, 290 (4th Cir. 2006).

Harris' perjury was "related to a criminal offense", nor in its subsequent application of the cross reference to U.S.S.G. § 2X3.1. As such, we affirm Harris' sentence.

In the case of Larry Lyons, we find that the district court failed to abide by the requirements of U.S.S.G. § 2D1.1(b)(8)(B) and Application Note 20, which mandates that the court shall consider each of four individual factors when determining whether an offense created a substantial risk of harm to human life. Therefore, we vacate the district court's imposition of a sentencing enhancement and remand for further consideration of the four factors as required by the statute.

<u>AFFIRMED IN PART AND VACATED</u>
<u>AND REMANDED IN PART</u>