**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

MARK ANTHONY REYNOLDS, a/k/a
Mark Anthony Fain, a/k/a Mark
Anthony Wilson,
Defendant-Appellant.

No. 99-4215

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-98-27)

Submitted: January 20, 2000

Decided: January 27, 2000

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert E. Barrat, Martinsburg, West Virginia, for Appellant. David E.
Godwin, United States Attorney, Paul T. Camilletti, Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark Anthony Reynolds appeals his conviction and sentence imposed after a guilty plea to uttering and possessing a counterfeit security (a car title) with intent to deceive another in violation of 18 U.S.C.A. § 513(a) (West Supp. 1999). Reynolds' attorney has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), raising several issues but stating that, in his view, there are no meritorious grounds for appeal. Reynolds was informed of his right to file a pro se supplemental brief but has failed to do so. After a thorough review of the record, we affirm.

Reynolds' counsel first questions whether Reynolds' guilty plea was knowing and voluntary where Reynolds was not advised of the essential elements of the offense. Although the district court did not enumerate specifically the elements of the offense during the plea colloquy conducted pursuant to Fed. R. Crim. P. 11,"[w]e . . . refuse to require the district court[ ] to recite the elements of the offense in every circumstance. In many cases, [as is the case here,] such a procedure would be a formality and a needless repetition of the indictment, which often tracks the essential elements of the offense." United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996). We therefore find that any error was harmless. See United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995) (providing standard).

Reynolds' counsel also asserts that Reynolds' guilty plea was not knowing and voluntary because Reynolds claims he discussed a bribe with a third party. Reynolds, however, stated at the Rule 11 colloquy that he had not been threatened or coerced and that his plea was not the result of promises not contained in the plea agreement. See United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (finding that defendant's statement at Rule 11 hearing that he was not coerced or

2

threatened constitutes "strong evidence of the voluntariness of his plea"). We therefore find this claim to be meritless.*

Second, Reynolds' counsel asserts that the district court clearly erred in refusing to award a reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual§ 3E1.1 (1997). Reynolds' involvement in another fraudulent scheme while on bond was inconsistent with acceptance of responsibility. See USSG § 3E1.1, comment. (n.3); United States v. Miller, 77 F.3d 71, 75 (4th Cir. 1996) (finding that defendant's attempt at check scam belied claim that he had accepted responsibility for counterfeiting crimes). We therefore find no clear error. See United States v. Dickerson, 114 F.3d 464, 469 (4th Cir. 1997) (stating standard of review).

Third, Reynolds' counsel asserts that the government breached the plea agreement by failing to file a motion for substantial assistance under USSG § 5K1.1, p.s. Because Reynolds did not raise this issue in the district court, our review is only for plain error. See United States v. Wells, 163 F.3d 889, 900 (4th Cir. 1998) (stating standard of review), cert. denied, 120 S. Ct. 109 (1999). We find none here given that the government was not obligated to make the motion. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (finding no binding obligation when government reserved right to determine whether substantial assistance provided).

Finally, Reynolds' counsel suggests that the district court erred by increasing Reynolds' base offense level by two levels under USSG § 2F1.1(b)(2)(B). The record is undisputed that Reynolds' relevant conduct involved the sale of eleven vehicles to different purchasers.

_____

*To the extent that counsel argues that Reynolds' counsel during the plea and sentencing proceedings provided ineffective assistance, such claims should be raised in a motion under 28 U.S.C.A. § 2255 (West Supp. 1999), and not on direct appeal, where, as here, the record does not conclusively show that counsel was ineffective. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (providing standard). And to the extent Reynolds now seeks to withdraw his guilty plea, we find no evidence in the record that denial of his request would result in a miscarriage of justice. See United States v. Davis, 954 F.2d 182, 184 (4th Cir. 1992).

Because there was more than one victim, the district court did not plainly err.

As required by <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm Reynolds' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4