# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

BASIM ALI TALOUZI, a/k/a Basim Ali Tallouzi,

        *Defendant-Appellant.*

No. 00-4261

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-98-173)

Submitted: February 16, 2001

Decided: March 20, 2001

Before WIDENER, WILKINS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Jacqueline A. Hallinan, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Basim Ali Talouzi appeals his conviction and sentence imposed after he pled guilty to distribution of crack cocaine, in violation of 21 U.S.C.A. § 841(a) (West 1999). Talouzi's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising several issues but stating that, in her view, there are no meritorious issues for appeal. Talouzi has filed a pro se supplemental brief raising additional issues. We grant his motion to file a corrected pro se reply brief. Finding no reversible error, we affirm the conviction and sentence.

Talouzi asserts that his 120-month sentence violates the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because drug quantity was not charged in the indictment. Because Talouzi did not raise this argument below, this court's review is only for plain error. *United States v. Pratt*, ___ F.3d ___, 2001 WL 101457, at *6 (4th Cir. Feb. 7, 2001). Talouzi's 120-month sentence is below the lowest possible statutory maximum in 21 U.S.C.A. § 841(b) (West 1999); thus, the sentence does not violate *Apprendi*. *See Pratt*, 2001 WL 101457, at *6 n.3 (assuming "without deciding that the maximum term of imprisonment for a violation of § 841(a) without regard to drug quantity is twenty years"); *United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000) (applying a plain error standard of review); *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000) (holding that *Apprendi* does not apply to a judge's exercise of sentencing discretion within a statutory range so long as a defendant's sentence is not set beyond the maximum term specified in the substantive statute). We therefore find no plain error in this regard.

Next, Talouzi argues that his five-year supervised release term under § 841(b)(1)(C) exceeds the three-year term provided in 18 U.S.C.A. § 3583 (West 2000), and, therefore, violates *Apprendi*. We rejected this argument in *Pratt*, holding that "where a statute's mandatory minimum term of supervised release is the same as, or exceeds, § 3583's maximum terms, § 3583's maximum terms do not apply." *Pratt*, 2001 WL 101457, at *7. Thus, Talouzi's five-year supervised

release term does not run afoul of *Apprendi*. *Id.* Talouzi therefore has shown no plain error.

Talouzi also argues that, even if *Apprendi* is inapplicable, the district court erred in determining drug quantity through the principles of relevant conduct. Because Talouzi did not object to the district court's amended calculation at sentencing, we review this claim for plain error and find none. *United States v. Lipford*, 203 F.3d 259, 271 (4th Cir. 2000) (stating standard of review); *United States v. Sampson*, 140 F.3d 585, 592 (4th Cir. 1998) (stating that sentencing guidelines do not demand certainty and precision and that court should err on side of caution). Nor do we find any plain error in the district court's refusal to award a downward adjustment for acceptance of responsibility. *U.S. Sentencing Guidelines Manual* § 3E1.1, comment. (n.1(a)); *United States v. Dickerson*, 114 F.3d 464, 469 (4th Cir. 1997).

Finally, Talouzi asserts that counsel provided ineffective representation in numerous ways. We decline to address these claims on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (providing that defendant must show conclusively from face of record that counsel was ineffective and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255), *cert. denied*, 528 U.S. 1096 (2000).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Talouzi's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*