UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                                    No. 00-4789

JOSHUA WAYNE CRAIG,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-00-57)

Submitted: June 29, 2001

Decided: July 31, 2001

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, John H. Tinney, Jr., Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Joshua Wayne Craig appeals his conviction for possession of an unregistered sawed off rifle and the resulting sentence. We affirm.

Craig's mother contacted the Putnam County, West Virginia sheriff's department on August 24, 1999, to report that she had seen her son and another person, Shane Eades, with marijuana at Joshua's house. The responding officer, Detective J.W. Luikart, went to Mrs. Craig's place of employment and interviewed her about the activity she witnessed, and she provided him with a written statement. The statement named Joshua Craig, Shane Eades and "Ernie" and claimed that they were investing in pot as a profit making venture. The statement also described the marijuana she saw on August 21, 1999, and the packaging containing the drug.

Detective Luikart prepared an affidavit to obtain a search warrant on August 24th and presented it to a magistrate. The portion of the affidavit that propounded to establish probable cause stated "On 8-24-99, this officer obtained a statement from an informant that on 8-21-99 they saw Shane Eades and Joshua Craig in possession of a large plastic bag containing numerous small plastic bags of marijuana. This occurred at Joshua Craig's residence." Detective Luikart supplemented the affidavit with oral statements identifying the informant as Craig's mother and explaining her concern that her son was involved with dangerous people. These oral statements were not made under oath. Magistrate Wood issued the warrant. Luikart and members of the drug unit executed the search warrant the same day. At Craig's house, the officers recovered marijuana and also found a sawed-off rifle in plain view. Craig volunteered that both the marijuana and the rifle belonged to him. Craig further admitted that he knew the rifle was fourteen inches long.

A pretrial hearing was held in response to Craig's motion to suppress the rifle as the fruit of an illegal search based on a warrant not supported by probable cause. Detective Luikart testified to the circumstances surrounding the request for the warrant and stated that he believed the warrant was issued on the basis of probable cause that evidence of a crime was present at Craig's house. The court considered the information provided in the affidavit in conjunction with the information provided orally to the magistrate. The court also found that the officers executing the search warrant had a good faith belief in the validity of the warrant and an objectively reasonable basis for relying on it and denied the motion to suppress. Craig challenges these determinations on appeal.

A district court's determination of probable cause under the Fourth Amendment is an issue of law and is, therefore, reviewed de novo. *United States v. Miller*, 925 F.2d 695, 698 (4th Cir. 1991). "The validity of a search warrant obtained by state officers is to be tested by the requirements of the Fourth Amendment . . ., not by state law standards, when the admissibility of evidence in federal court is at issue." *United States v. Clyburn*, 24 F.3d 613, 614 (4th Cir. 1994). Craig avers that under Fourth Amendment standards, there was insufficient basis for finding probable cause to support a warrant because Detective Luikart's affidavit was too scant to provide probable cause and his supplementary statements to the magistrate were not made under oath.

The court, however, alternatively found that even if probable cause was lacking, the officers executing the search warrant had a good faith belief that the search warrant was based on probable cause and had an objectively reasonable basis to rely on the warrant in conducting the search. This court, under similar circumstances, has found evidence admissible under the good faith exception to the probable cause requirement. *United States v. Edwards*, 798 F.2d 686, 690 (4th Cir. 1986) (citing *United States v. Leon*, 469 U.S. 213 (1983). As in *Edwards*, there is no evidence in this case that the magistrate abandoned his neutral and detached judicial role, no evidence that the officer was dishonest or reckless in preparing the affidavit, and the information presented to the magistrate in this case reasonably satisfied both the officer and the magistrate that probable cause existed to

sustain the validity of the warrant. We therefore hold that the court properly denied the motion to suppress.

Craig next challenges his twenty-four month sentence. He was convicted, after a bench trial on stipulated facts, of possession of an unregistered sawed-off rifle in violation of 26 U.S.C. §§ 5861(d) & 5871 (1994). At sentencing, Craig requested a one-level adjustment for acceptance of responsibility pursuant to *United States Sentencing Guidelines Manual* § 3E1.1(b), despite the fact that he did not plead guilty or cooperate with the Government. He contends on appeal that denial of the adjustment violated the Equal Protection Clause of the Fifth Amendment because he did not put the Government to the expense of a jury trial but instead agreed to a bench trial on stipulated facts on a timely basis. The district court accepted the Government's position that there was a rational basis for granting the adjustment only to those who plead guilty and cooperate with the government.

An allegation that the Sentencing Guidelines violate the equal protection component of the Fifth Amendment is generally subject to rational basis review. *United States v. D'Anjou*, 16 F.3d 604 (4th Cir. 1994). We have explicitly held, however, that selection of a bench rather than a jury trial should not be factored into the acceptance of responsibility determination. *United States v. Dickerson*, 114 F.3d 464, 469 (4th Cir. 1997). We also agree with the Government's position that there is a rational basis for excluding Craig from the benefit of § 3E1.1(b), and accordingly hold that the district court properly found no equal protection violation.

As a final matter, Craig requested a downward departure in recognition that the sawed-off twenty-two rifle was not as dangerous as other weapons listed in § 5861(d). The court considered this ground for departure and determined that the rifle was a dangerous weapon, both death-dealing and easily hidden. The court's consideration of the request for a downward departure establishes that it clearly understood that it had the authority to depart. A district court's refusal to depart where it was clearly aware that it had the authority to make a downward departure is not subject to appellate review. *United States v. Bayerle*, 898 F.2d 28, 30 (4th Cir. 1990). We, therefore, decline to review the district court's denial of the downward departure.

For the foregoing reasons, we affirm the district court's denial of Craig's motion to suppress and his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*