**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

CHRISTOPHER GLEN SIEGEL,
　　　　　*Defendant-Appellant.*

No. 00-4739

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-00-55)

Submitted: June 29, 2001

Decided: August 1, 2001

Before WILKINS, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Diane Fener, LAW OFFICES OF DIANE FENER, P.C., Virginia
Beach, Virginia, for Appellant. Kenneth E. Melson, United States
Attorney, James Ashford Metcalfe, Assistant United States Attorney,
C. Seth Askins, Third-Year Law Student, Norfolk, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Christopher Glen Siegel appeals his conviction and fifty-seven-month sentence imposed after a judge found him guilty of possession of firearms by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000).[1] He asserts on appeal that the evidence was insufficient to convict him and that the district court should have adjusted his base offense level for acceptance of responsibility under *U.S. Sentencing Guidelines Manual* § 3E1.1 (1998). Finding no reversible error, we affirm.

Siegel challenges his conviction for being a felon in possession of firearms on the ground that the evidence was insufficient. To prove a violation of § 922(g), the Government had to show that Siegel voluntarily and intentionally possessed the firearms. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001) (discussing elements of the offense).[2] Our review of the record leads us to conclude that the evidence was sufficient. *Id.* at 136-37 (providing that possession may be actual, constructive, or joint); *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc) (providing standard for determining sufficiency of evidence).

As for Siegel's claim that the district court should have awarded a reduction for acceptance of responsibility, Siegel required the Gov-

---

[1]Siegel also pled guilty, without the benefit of a written plea agreement, to possession with intent to distribute marijuana, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). He does not challenge this conviction or the concurrent fifty-seven-month sentence he received on that count.

[2]The Government also must prove that Siegel was previously convicted of a felony and that the firearm had traveled in or affected interstate commerce. *Gallimore*, 247 F.3d at 136. Siegel does not challenge these elements of the offense.

ernment to prove at trial that he possessed the firearms—an issue relating to factual guilt. *United States v. Dickerson*, 114 F.3d 464, 470 (4th Cir. 1997) (citing USSG § 3E1.1, comment. (n.2)). Thus, we hold that the district court did not clearly err in finding that the adjustment was not warranted. *United States v. Nale*, 101 F.3d 1000, 1004-05 (4th Cir. 1995) (stating standard of review).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*