**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

RUSSELL MORRIS BROWN,
          *Defendant-Appellant.*

No. 01-4003

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-361)

Submitted: August 28, 2001

Decided: October 3, 2001

Before WILKINS, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John J. Korzen, ANDERSON, KORZEN & ASSOCIATES, P.C., Kernersville, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Russell Morris Brown appeals his conviction and sentence for bank robbery in violation of 18 U.S.C.A. § 2113(a) (West 2000).

Brown filed several pretrial motions attacking his confinement and requesting legal materials. Additionally, Brown chose to forgo court-appointed assistance of counsel and represent himself at trial, though the district court allowed him to utilize his court-appointed attorney as standby counsel. The Government's evidence included surveillance photographs and witness testimony establishing Brown's guilt. Additionally, at the close of his trial, Brown admitted he was guilty of robbing the bank. The jury returned a guilty verdict. At sentencing, the district court declined to adjust Brown's offense level for acceptance of responsibility and sentenced him to eighty-two months incarceration, three years of supervised release, and a special assessment of $100.

Brown's appellate counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting the district court erred in denying Brown's pretrial motions, excluding testimony regarding Brown's motive for bank robbery, and declining to apply an adjustment for acceptance of responsibility. We affirm Brown's conviction and sentence.

First, the district court did not err in denying Brown's pretrial motions. Brown's challenge to the conditions of his confinement, to his sanity and mental fitness for trial, and to the sufficiency of his legal resources, were meritless. *United States v. Crump*, 120 F.3d 462, 467 (4th Cir. 1997); *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978). Additionally, the district court did not err in allowing Brown to waive his right to counsel and to represent himself pro se. *United States v. Singleton*, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997); *Farretta v. California*, 422 U.S. 806, 835 (1975).

Second, the district court did not err in excluding testimony regarding his motive for committing the robbery. Fed. R. Evid. 401, 402; *United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996).

Finally, the district court did not err in denying Brown an adjustment for acceptance of responsibility. *U.S. Sentencing Guidelines Manual* § 3E1.1, comment. (n.2) (2000); *United States v. Dickerson*, 114 F.3d 464, 470 (4th Cir. 1997); *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996); *United States v. Harris*, 882 F.2d 902, 905-06 (4th Cir. 1989).

In accordance with *Anders*, we have reviewed the entire record in this case and find no other meritorious issues for appeal. We therefore affirm Brown's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*