**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4404**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

ANTHONY WAYNE SILVER,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (CR-04-62)

Submitted: March 3, 2006          Decided: April 20, 2006

Before WIDENER and TRAXLER, Circuit Judges, and Cameron McGowan CURRIE, United States District Judge for the District of South Carolina, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Eric D. Goulian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellant. C. Douglas Fisher, Hillsborough, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Wayne Silver was convicted of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base. See 21 U.S.C.A. §§ 841(a), 846 (West 1999). The Presentence Investigation Report (PSR) determined that Silver should be held responsible for 2.143 kilograms of cocaine base distributed as part of the conspiracy, based in part upon information from witnesses who did not testify at trial. This recommended amount yielded a base offense level of 38. See U.S.S.G. § 2D1.1(c)(1). The PSR also recommended that the sentencing court impose a two-level firearm enhancement, see U.S.S.G. § 2D1.1(b)(1), and reject a downward adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1(a). Accordingly, the total offense level assigned by the PSR was 40. After determining that Silver's criminal history placed him in category I, the PSR arrived at a recommended sentencing range of 292 to 365 months.

The district court concluded that under United States v. Booker, 543 U.S. 220 (2005), Silver's "base offense level may not be based on any facts not found specifically by the jury," J.A. 156, and determined that the appropriate base offense level was 32, which is prescribed by the "guidelines for possession with intent to distribute more than [50 grams of] cocaine base." J.A. 156. Essentially, the district court read Booker as precluding it from

considering, for sentencing purposes, any facts not specifically presented to and found by the jury.

The district court also determined, contrary to the recommendation of the PSR, that a two-level downward adjustment for acceptance of responsibility was appropriate even though Silver pled not guilty and testified at trial that he did not sell crack to various witnesses who claimed that they made purchases from him. After adopting the two-level firearm enhancement, the district court arrived at a total offense level of 32, yielding a sentencing range of 121 to 151 months, and imposed a low-end sentence of 121 months.

The Government appeals, arguing that the district court erroneously determined that it could not consider, for purposes of determining the appropriate offense level, "any facts not found specifically by the jury." J.A. 156. In Booker, the United States Supreme Court held that the mandatory application of the Sentencing Guidelines to enhance a defendant's sentence based on the sentencing court's factual determinations offends the Sixth Amendment. See Booker, 543 U.S. at 226-30, 243-46. Therefore, Booker severed and excised the statutory provisions mandating the application of the Guidelines; however, Booker clearly requires sentencing courts to continue to "consult [the] Guidelines and take them into account when sentencing," despite the now-advisory nature of the Sentencing Guidelines. Id. at 264.

3

In United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), which was decided after the sentencing hearing in this case, we outlined the procedure that sentencing courts in this circuit should follow in light of Booker. First, the sentencing court must "calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." Id. at 546 (emphasis added). Next, the court must consider whether a sentence within the advisory guideline range "serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors." United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). In turn, to select a sentence that serves the § 3553(a) factors, the sentencing court "should first look to whether a departure is appropriate based on the Guidelines" and, "[i]f an appropriate basis for departure exists, the district court may depart." United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). "If the resulting departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-guideline sentence (a 'variance sentence')." Id. Regardless of the sentence ultimately imposed, the district court must explain its reasons for choosing a given sentence, especially if a departure or variance is involved. See id.; Hughes, 401 F.3d at 546 & n.5.

Because Booker does not preclude a sentencing court's consideration of facts not specifically found by the jury, we

4

vacate Silver's sentence and remand for resentencing.  On remand, the district court should first calculate, based upon its own findings of fact, the appropriate sentencing range pursuant to the Guidelines.  The court should then proceed to determine whether a sentence within the advisory Guideline range satisfies the factors set forth in 18 U.S.C.A. § 3553(a), as explained in Hughes, and our recent decisions in Green and Moreland.

In view of our conclusion that Silver must be resentenced in accordance with the procedures identified above, we need not decide the other issue raised by the Government -- whether the district court lacked a sufficient basis for downwardly adjusting Silver's offense level for acceptance of responsibility.  We note, however, that Silver pled not guilty, forced the government to proceed to trial, and then testified at trial that he did not sell crack cocaine.  The Guidelines commentary explains that an adjustment for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt."  U.S.S.G. § 3E1.1, comment. (n.2); see United States v. Dickerson, 114 F.3d 464, 470 (4th Cir. 1997) ("Although a defendant can remain eligible for a sentence reduction for acceptance of responsibility even when he demands a trial, this is only when a defendant goes to trial to assert and preserve issues that do not relate to factual guilt-- such as a constitutional challenge to a statutory provision . . .

.") (internal quotation marks omitted). Our review of the record reveals no apparent basis for awarding an adjustment for acceptance of responsibility; however, we will leave this for the district court to consider as part of Silver's resentencing.

<u>VACATED AND REMANDED</u>