Vacated by Supreme Court, February 19, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4765**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

ANTHONY WAYNE SILVER,

                                        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:04-cr-00062-BR)

———————————

Submitted: August 31, 2007        Decided: September 20, 2007

———————————

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas R. Wilson, GREEN & WILSON, P.A., New Bern, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Anthony Wayne Silver was sentenced to 121 months of imprisonment for conspiracy to possess with intent to distribute more than fifty grams of cocaine base. (J.A. 9). On appeal, this Court vacated and remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Silver, 176 F. App'x 416 (4th Cir. 2006) (No. 05-4404). At the resentencing hearing, the district court referred to the Sentencing Guidelines and sentenced Silver to 235 months of imprisonment, the bottom of advisory sentencing range. On the record, the court noted that it could find no reason to deviate outside the advisory sentencing range. On appeal, Silver raises two issues, whether: (1) this Court ordered the district court to impose the Sentencing Guidelines as mandatory in our prior remand opinion, and (2) the district court failed to apply the sentencing factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). For the reasons that follow, we affirm.

Silver's first issue is simply without merit. Our opinion made it abundantly clear that the Sentencing Guidelines are advisory following the Supreme Court's opinion in Booker.

Second, we have held that a sentence within a properly-calculated advisory sentencing range is presumptively reasonable. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). The Supreme Court has

recently approved the presumption. <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-67 (2007). Silver has failed to rebut the presumption of reasonableness by demonstrating that his sentence is unreasonable when measured against the § 3553(a) factors. <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 3044 (2007). Moreover, a district court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record," <u>United States v. Johnson</u>, 445 F.3d 339, 345 (4th Cir. 2006), and the Supreme Court has stated that "[w]here a [sentencing] matter is . . . conceptually simple" and the record makes clear that the sentencing judge considered the evidence and arguments "we do not believe the law requires the judge to write more extensively." <u>Rita</u>, 127 S. Ct. at 2469.

Accordingly, we affirm Silver's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>