**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4060**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

RODRIGO CRUZ PEREZ,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:17-cr-00149-MR-WCM-3)

Submitted:  August 21, 2019                Decided:  August 30, 2019

Before WYNN, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Howard W. Anderson, III, LAW OFFICE OF HOWARD W. ANDERSON, III, LLC, Pendleton, South Carolina, for Appellant. R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodrigo Cruz Perez appeals from his 292-month sentence imposed pursuant to a jury verdict finding him guilty of conspiracy to possess with intent to distribute methamphetamine and cocaine and distribution and possession with intent to distribute methamphetamine. On appeal, Cruz Perez challenges the denial of an acceptance of responsibility adjustment and the substantive reasonableness of his sentence. We affirm.

We review "a district court's decision concerning an acceptance-of-responsibility adjustment for clear error[,] . . . giv[ing] great deference to the district court's decision because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) (internal brackets and quotation marks omitted). To qualify for the two-level U.S. Sentencing Guidelines Manual § 3E1.1(a) reduction, "a defendant must prove to the court by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *Id.* (internal quotation marks omitted). "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." USSG § 3E1.1, cmt. n.2. However, "[i]n rare situations," including "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt," such as a "constitutional challenge to statute," the "defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct." *Id.*

2

We conclude that this case is not one of the "rare situations" in which a defendant who proceeds to trial may still be entitled to an acceptance of responsibility reduction. While Cruz Perez rejected the Government's offer of a guilty plea allegedly in order to preserve issues for appeal and based upon his alleged fear of reprisal, he did not stipulate to the facts at trial, thereby requiring the Government to be fully prepared and have its witnesses and evidence present. In fact, Cruz Perez cross-examined the Government's witnesses, seeking to undermine their credibility, and moved for a judgment of acquittal. *See United States v. Dickerson*, 114 F.3d 464, 469–70 (4th Cir. 1997) (concluding that acceptance-of-responsibility reduction not warranted where defendant put the Government to its burden of proof at trial by denying an essential factual element of his guilt). Moreover, Cruz Perez did not admit his guilt until he met with the probation officer regarding the presentence report (PSR). Finally, Cruz Perez's statement to the probation officer did not cover the full criminal behavior proven at trial and described in the PSR, which included personally selling drugs and teaching his coconspirators about the drug trade; instead, Cruz Perez merely stated that he possessed drugs and assisted others by storing drugs.

The district court had the opportunity to assess Cruz Perez's demeanor and credibility and evaluate his acceptance of responsibility, including his allegations of threats to his and his family's safety, in the context of the case as a whole. Due to its assessment of these factors, the district court concluded that appellant did not fully accept responsibility. This conclusion is bolstered by the PSR, which expressly found that Cruz Perez was not eligible for the reduction because he made no pre-trial admissions. Given

3

these facts and the deference to which the district court's decision is entitled in this regard, we conclude that the district court did not clearly err in finding that Cruz Perez was not entitled to a two-level reduction for acceptance of responsibility.

Cruz Perez next argues that his sentence was greater than necessary, given the disparity with his co-defendants' sentences, the hardship of incarceration on him, his looming deportation, and his fear of reprisal. We examine the substantive reasonableness of the sentence under "the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence "within or below a properly calculated Guidelines range is presumptively reasonable [on appeal]." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). The defendant bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [2012] factors." *Id.* In evaluating the sentence for an abuse of discretion, this court "give[s] due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 552 U.S. at 59-60. We "can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." *United States v. Yooho Weon*, 722 F.3d 583, 590 (4th Cir. 2013) (internal quotation marks omitted).

Cruz Perez has failed to overcome the presumption of reasonableness applied to his within-Guidelines sentence. Cruz Perez involved himself in a conspiracy involving a large amount of methamphetamine, as well as cocaine. He trained other members of the conspiracy, personally sold drugs, stored a large amount of drugs, and cut and prepared

4

drugs. While the Guidelines range was driven largely by the drug weight, that fact further serves to demonstrate the scope and severity of the nature of the offenses.

Regarding the shorter sentences of Cruz Perez's coconspirators, while district courts are to consider disparities in sentencing when imposing a sentence, *see* 18 U.S.C. § 3553(a)(6), we have expressed doubt whether "a defendant may . . . challenge a sentence on the ground that a co-conspirator was sentenced differently." *United States v. Goff*, 907 F.2d 1441, 1446-47 (4th Cir. 1990) (collecting cases), *superseded on other grounds by* USSG app. C amend. 508; *see also United States v. Sierra-Villegas*, 774 F.3d 1093, 1103 (6th Cir. 2014) ("[T]he district court may consider the defendant's sentence in comparison with that of co-defendants at sentencing, but need not do so; it is a matter of discretion."). Section 3553(a)(6) is aimed primarily at eliminating national sentencing inequity, not differences between the sentences of coconspirators. *United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996); *see also United States v. Simmons*, 501 F.3d 620, 623-24 (6th Cir. 2007) (collecting cases). Moreover, unlike Cruz Perez, his coconspirators accepted responsibility for the extent of their criminal behavior and cooperated with the Government. Thus, disparities would be appropriate and expected.

We find no abuse of discretion because the district court considered the arguments by both parties and rationally found that a sentence at the low end of the Guidelines was appropriate. While the court might have imposed a lower sentence, the mere fact that the court did not consider the mitigating circumstances worthy of a reduction does not render a sentence unreasonable. Because there is a range of permissible outcomes for any given case, an appellate court must resist the temptation to "pick and choose" among possible

5

sentences and rather must "defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007); *see also see United States v. Jeffery,* 631 F.3d 669, 679 (4th Cir. 2011) (observing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors")*; United States v. Carter*, 538 F.3d 784, 790 (7th Cir. 2008) (noting substantive reasonableness "contemplates a range, not a point").

Accordingly, we affirm Cruz Perez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*